# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0134, <u>Federal National Mortgage Association v. Fairon Brown & a.</u>, the court on April 1, 2019, issued the following order:**

Having considered the briefs filed by the parties and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendants, Fairon and Donna Brown, appeal an order of the Circuit Court (<u>Ryan</u>, J.) entering judgment in favor of the plaintiff, Federal National Mortgage Association (Fannie Mae), on Fannie Mae's possessory action for other than non-payment of rent. We affirm.

On appeal, the Browns argue that the trial court erred by entering judgment in favor of Fannie Mae on the possessory action because, they assert, doing so violates RSA 527:1 (2007). We review the trial court's statutory interpretation <u>de</u> <u>novo</u>. <u>Polonsky v. Town of Bedford</u>, 171 N.H. 89, 93 (2018). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of the statute considered as a whole. <u>Id</u>. We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. <u>Id</u>. Absent an ambiguity, we will not look beyond the language of the statute to discern legislative intent. <u>Id</u>.

RSA 527:1 provides: "No execution [of a judgment] shall issue until the expiration of the appeal period." It governs the timing of the execution of judgments and has no bearing upon the timing of entry of such judgments. Thus, RSA 527:1 did not bar the trial court from entering judgment in favor of Fannie Mae. Moreover, the "appeal period" to which RSA 527:1 refers is the appeal period related to the action in which the judgment has been entered, here, the judgment in the eviction proceeding. Under its plain meaning, the statute stays the execution of such a judgment until the period under which that judgment may be appealed has expired.

<u>Affirmed.</u>

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**